# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

23cv1010-LTS-MAR

| United States District Court | Iowa | District: Dubuque County |
|---|---|---|
| Name (under which you were convicted): Dante K. Rhodes | | Docket or Case No.: PCCV107576 |
| Place of Confinement: F.C.I. Otisville | | Prisoner No.: 17162-029 |
| Petitioner (include the name under which you were convicted) DANTE K. RHODES | v. | Respondent (authorized person having custody of petitioner) STATE OF IOWA |
| The Attorney General of the State of: Iowa | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    Dubuque Iowa County Courthouse
    720 Centeral Avenue,
    Dubuque, Iowa 52001

    (b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): _____

    (b) Date of sentencing: February 2, 2018

3. Length of sentence: 10 years

4. In this case, were you convicted on more than one count or of more than one crime?  X Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Delivery of heroin

    _____
    _____
    _____
    _____
    _____

6. (a) What was your plea? (Check one)

    ☐ (1) Not guilty    ☐ (3) Nolo contendere (no contest)
    X (2) Guilty        ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

_____
_____
_____
_____
_____

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes  X  No

8. Did you appeal from the judgment of conviction?

X Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: __Court of Appeals, Iowa__

(b) Docket or case number (if you know): __21-0229__

(c) Result: __Denied__

(d) Date of result (if you know): __June 1, 2022__

(e) Citation to the case (if you know): __N/A__

(f) Grounds raised: __Statute of limitations__

_____
_____
_____
_____
_____

(g) Did you seek further review by a higher state court? · Yes ☒ No

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised:

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?   X Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): __N/A__

(2) Result: __N/A__

(3) Date of result (if you know): __N/A__

(4) Citation to the case (if you know): __N/A__

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   XX No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: __N/A__

(2) Docket or case number (if you know): __N/A__

(3) Date of filing (if you know): __N/A__

(4) Nature of the proceeding: __N/A__

(5) Grounds raised: __N/A__

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

XX Yes   ☐ No

(7) Result: __Phone Hearing Denied__

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   XX No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   XX No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    X Yes    ☐ No
(2) Second petition:  X Yes    ☐ No
(3) Third petition:   X Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Counsel was ineffective assistance of counsel for not raising the Staute of Limitations and affirmative defense that must be raised to be preserved (6 USCA)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): In deciding to toll the statute of limitations a Court may require that the Government show, by fair preponderance of the evidence, that the defendant somehow secreted himself from authorities with the intent to avoid arrest or prosecution. The Government has such a burden in case where no evidence of absence from the jurisdiction is presented.
   Title 18 United States Code Section 3282 provides, No person shall be prosecuted tried, or punished for any offense, not capitol, unless the indictment is found or information is instituted within five years next after such offense shall have been committed.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    X Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

         X Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:    Staute of limitations

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion or petition?    XX Yes    ☐ No

    (4) Did you appeal from the denial of your motion or petition?    XX Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    XX Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: Dubuque Iowa

    Docket or case number (if you know): N/A

    Date of the court's decision: N/A

    Result (attach a copy of the court's opinion or order, if available): N/A

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

    N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A

**GROUND TWO:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: N/A

**GROUND THREE:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
N/A

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why: N/A

(c) **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No
(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☐ Yes ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☐ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:   N/A

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.   N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.   N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

   (a) At preliminary hearing: Scott Nelson
   3003 Asbury Road, Suite 1, Dubuque, IA 52001

   (b) At arraignment and plea: Scott Nelson
   3003 Asbury Road, Suite 1 Dubuque, IA 52001

   (c) At trial: _____

   (d) At sentencing: N/A

   (e) On appeal: Joey T. Hoover, Hoover Law Firm, LLC
   110 West Main Street P.O. # 306 Epworth, Iowa

   (f) In any post-conviction proceeding: N/A

   (g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ☐ Yes  ☒ No

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   N/A

   (b) Give the date the other sentence was imposed: N/A
   (c) Give the length of the other sentence: N/A
   (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ☐ Yes  ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
   N/A

AO 241 (Rev. 09/17)

N/A

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Vacate the conviction

or any other relief to which petitioner may be entitled.

_____N/A_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 5/16/23 (month, date, year).

Executed (signed) on X 5/16/23 (date).

X Dante Rhodes
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____
_____

## BACKGROUND

### CASE NO. 01311PCCV107576 RHODES V. STATE OF IOWA

Defendant appeared personally along with his lawyer, Attorney Scott nelson, Attorney at Law 3003 Asbury Road, Suite 1 Dubuque, IA 52001 before Honorable Thomas A. Bitter, Judge for the County of Dubuque, Dubugue Couhty Courthouse December 12, 2016. Assitant County Attorney Ms. Brigit Barnes for the State of Iowa. The matter was scheduled for a plea proceeding where two counts would be suspended and ran concurrent with one another.

Two counts for delivery of heroin. An information was filed May 16, 2014, the two counts pertain to April 12, 2010. Both counts allege delivery of heroin on Dubuque County Iowa, "C Pleas" Defendant pled guilty to an Alford Plea. Sentencing took place February 2, 2018, subsequent to the sentencing date, Defendant learned that he had a time limitation affirmative defense, that the lawyer could have filed.

March 6, 2020, several depositions were takenthrough telephone depositions. An Attorney Joey T. Hoover, Esq. for the Hoover Law Firm PLLC, 110 West Main Street P.O. Box 306, Epworth, IA 52045 appeared for Defendant Dante Rhodes. Assistant County Attorney's Office County Courthouse, 720 Central Ave, Dubuque, Iowa, appeared for the state. As earlier stated several depositions were taken on March 6, 2020, taken in the 3rd floor south courtroom, Dubuque County Courthouse before Dixie Shelton, a certified short hand reporter in and for the States' of Iowa and Illinois, in the above entitled matter, See exhibits;

1

(A) Scott Nelson at 1:27pm, 28 pages
(B) Deron Coleman at 11:22am, 21 pages
(C) Dante Kwan Rhodes at 9:49am, 55 pages
(D) Mary Terrell at 9:16am, 22 pages
(E) Shane Flesher at 9:06am 8 pages

On March 18, 2021, at the Dubuque County Courthouse before Judge Michael J. Shubatt, Appearances: Attorney Joey T. Hoover, Esq. for Defendant Dante Rhodes and Attorney Shea Chapin, Assistant for Dubuque County Attorneys' Office.

An agreement disclosed between the parties that all exhibits had been uploaded and it was agreed that theycould be admitted Id: "depositions" state records A through E "The Trial" Dante Rhodes Plaintiff v. State of Iowa. Defendant had waived his appearance in person as well as by telephone.

Exhibits 1-7 for Petitioner and A-E for the State of Iowa, the Trial Court deemed the case submitted April 1, on March 18, 2021. The Court further stated it would take the case under advisment. The Court entered a brief order undisclosed on the Court record March 18, 2021, where as an appeal from the District Court, Exhibit F. No. 21-0229. In the Court of Appeals of Iowa, Dubuque County No. PCCV107576 procedendo, meaning no judgement was forth coming one way or another. The Supreme Court transferred the case back to the Court of Appeals allowing for Federal Habeas to go forth, 28 U.S.C. § 2254.

In this instance, Dante Rhodes, Defendant herein, once and for all requests this District Court for the Northern District of Iowa, to recognize a clear cut Sixth Amendment violation of Attorney Assistance of Counsel. In particular, Counsel's neglect to inform

2
Case 2:23-cv-01010-LTS-MAR   Document 1   Filed 06/05/23   Page 17 of 20

Defendant on 18 U.S.C. § 3282(a) non-capitol offenses five year time limitations.

The Statute of Limitations is an affirmative defense that must be raised to be preserved. Adefendant cannot raise the issue of limitations after pleading guilty, to the offense in question.

In order to prevail on an ineffective assistance of counsel claim, the defendant must show that counsels' representation fell below an objective standard of reasonableness; and that the defendant was prejudiced as a result of such conduct. As to the conduct of counsel, the defendant must overcome the presumption that, under the circumstances the challenged action might be sound trial strategy [a statute of limitations affirmative defense for an accusation beyond the 5 year statute of limitation is a sound trial strategy].

As to prejudice, the defendant must show that there is reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Petitioner herein, Date Rhodes position is in effect exactly like United States v. Hansel, 70 F.3d 6 (2nd Cir. 1995) Held:

> Defendant-Appellate, Sheldon Hansel pled guilty to eight counts of making false statements to the community credit corporation [the C.C.C.]. Hansel demonstrates thathis indictment on counts seven and eight was brought outside the applicable Statute of Limitations. Hansel's attorney however, never objected on that ground, and Hansel was convicted and sentenced on all eight counts. Hansel contends that his counsel's failure to inform him that counts seven and eight were time barred constituted ineffective assistance of counsel and therefore that his subsequent waiver of the time-bar defense, evidenced by his guilty plea to all charges without objection, was not voluntary. We reverse Hansel's

3

conviction on all counts seven and eight, remand the case
to the District Court for resentencing. The Second Circuit
Court of Appeals.

Dante Rhodes is in the exact position Hansel was in. Rhodes contends that the deposition of Scott Nelson confirms his ineffectiveness for neglecting to raise the Statute of Limitations Affirmative defense. See Strickland v. Washington, 466 U.S. 668, 688 (1984) Two prong test: As to the conduct of counsel, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy, Strickland....466 U.S. at 689 (Internal quotation marks omitted). As to prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

The conduct of Rhodes' attorney "fell below an objective standard of reasonableness. In this instance, the State of Iowa charged that on or about April 12, 2010 in Dubuque County, Iowa, Dante Rhodes delivered heroin to another person two counts. A plea proceeding took place December 12, 2016, some 6 years 8 months subsequent to the charged offense date. The conduct of Rhodes' attorney "fell below an objective standard of reasonableness", while counsel's tactical decisions command a high degree of deference, see, Strickland at 466 U.S. at 689...Rhodes' counsel's failure to object to the time-barred counts is unaccountable in the circumstances, and cannot be considered sound trial strategy.

In particular, counsel's decision cannot be justified by considerations related to the negotiation of a plea agreement, because Rhodes pled without the benefit of one, pleading guilty to an

4

Alford Plea.

Rhodes prejudice is that he pled guilty to two time-barred counts that would have been dismissed, if his attorney had acted competently. Rhodes' counsel was therefore ineffective under Strickland, and Rhodes Sixth Amendment Right to Counsel was thereby impaired. Rhodes'waiver of the time bar defense was not and cannot be deemed knowing and intelligent.